**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **D.R.B., III, by his Next Friend,** | ) | |
| **Lulonda Morrow,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-CV-0396-CVE-PJC** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

On November 28, 2005, United States Magistrate Judge Paul J. Cleary entered a Report and Recommendation (Dkt. # 17) on plaintiff's request for judicial review of a decision of the Commissioner of the Social Security Administration denying her minor son ("claimant") childhood Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act.  The magistrate judge found that the decision of the Commissioner was supported by substantial evidence and the correct legal standards were applied by the Administrative Law Judge ("ALJ") who made the decision on behalf of the Commissioner.  Accordingly, the magistrate judge recommended that the decision of the Commissioner denying disability benefits to the claimant be affirmed.

Plaintiff filed timely objections pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Accordingly, the Court has conducted a de novo review.  The plaintiff argues that the magistrate judge made one error:  not finding that the ALJ erred in failing to discuss an alleged  inconsistency in a report by one of the many persons who evaluated claimant.  That person was Karen Croley, M.S., CCC/L-SLP, ATP, a consultant who tested claimant's speech and language skills.

As reported by the magistrate judge, the ALJ discussed Croley's findings and relied upon them, in part, in support of his decision.  Plaintiff's counsel argued at the hearing before the ALJ that Croley's report was internally inconsistent: Croley's "initial observation" was that "[a]pproximately 75% of [claimant's] spontaneous speech was intelligible when the context was unknown; intelligibility improved to approximately 90% when the context was known," but her diagnostic conclusions were that claimant had "articulation skill within normal limits" and "expressive language skills within normal limits."  (Admin. Rec., Dkt. # 10, at 175-176, 248).  In her opening brief, plaintiff challenged the ALJ's finding that claimant had "no expressive language deficit" as being contrary to the "undiscussed" evidence set forth in the consultant's initial observation. (Opening Br. Dkt. # 15, at 4.)

The magistrate judge thoroughly discussed the applicable Social Security law, the standard of review, the claimant's background, the procedural history, and all of claimant's arguments.  With regard to the findings of Karen Croley, the magistrate judge found, as did the ALJ, no inconsistency. The law cited by plaintiff requires the ALJ to discuss "the evidence supporting his decision . . . the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."  Clifton v. Chater, 79 F.3d 1006, 1010 (10th Cir. 1996).  It does not require him to explain, in detail, why each piece of evidence supporting his decision is sound.  Both the magistrate judge and the ALJ noted other aspects of the consultant's report that, when viewed in its entirety, supported her diagnostic conclusions. (Report and Recommendation, Dkt.# 17, at 7.)  The ALJ properly reviewed Croley's evaluation, as the magistrate judge properly found.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 17) is hereby **accepted**; the Plaintiff's Objection (Dkt. # 19) is **overruled**; and the Commissioner's decision is **affirmed**.

**DATED** this 25th day of January, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3